UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL LINDSAY,<br><br>　　　　　Defendant. | Case No. 12-cr-00873-CRB-1   (JSC)<br><br>**ORDER REVOKING PRETRIAL RELEASE** |

Defendant Michael Lindsay is charged with engaging in illicit sexual conduct in violation of foreign places in violation of 18 U.S.C. § 2423(c). The Court ordered his pretrial release, subject to certain conditions, on November 28, 2012. Now pending before the Court is the government's motion to revoke Mr. Lindsay's release pursuant to 18 U.S.C. § 3148(b). After carefully considering the evidence and pleadings submitted by the parties, and having had the benefit of oral argument on January 28, 2015 at a hearing at which Mr. Lindsay was present, the Court finds by clear and convincing evidence that Mr. Lindsay violated the condition of his release that he have no contact with any witness or alleged victim. The Court also finds that there are no conditions of release that will assure that Mr. Lindsay will not flee and finds that Mr. Lindsay is unlikely to abide by any conditions of release.

## DISCUSSION

A trial court may revoke a defendant's pretrial release and order detention if, after a hearing, the court

> (1) finds that there is either "probable cause to believe that the person has committed a Federal, State, or local crime while on release" or "clear and convincing evidence that the person has violated any other condition of release"; and (2) finds that "based on

> the factors set forth in [18 U.S.C. § 3142(g)], there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community" or "the person is unlikely to abide by any condition or combination of conditions of release."

*United States v. Howard*, 793 F.3d 1113, 1113 (9th Cir. 2015) (quoting 18 U.S.C. § 3148(b)(1)&(2)).

The Court finds by clear and convincing evidence that Mr. Lindsay violated the explicit condition of his release that he not have any contact with any witness or alleged victim. (Dkt. No. 13.)  In March 2014 Mr. Lindsay moved to take Rule 15 depositions in the Philippines of, among other witnesses, Mary Whitney Corpuz.  (Dkt. No. 15.)  The Court granted the request and identified Ms. Corpuz as a witness. (Dkt. No. 79.)  When the government interviewed Ms. Corpuz in March 2015, she    advised that Mr. Lindsay had communicated with her from particular email accounts, and Ms. Corpuz    identified those accounts.  The government has produced some of those emails and they establish that Mr. Lindsay in fact communicated with Ms. Corpuz after he had identified her as a witness.  (*See, e.g.* Dkt. No. 136-6.)

The emails show Mr. Lindsay directing Ms. Corpuz as to what she should said say when interviewed by investigators, going so far as to give her dates and details as to when they were supposedly together.    (*See, e.g.*, Dkt. No. 136-6 at 2 ("Print out this email and study all the things so you can answer the questions. . . .  It is important to say u stay with me 4 days (Aug 12 – Aug 15) and we are    together the whole time.")  During his pretrial release Mr. Lindsay also sent Ms. Corpuz and other overseas witnesses money. (*See, e.g.,* Dkt. No. 136-1 ¶ 6, *see also* Dkt No. 136-8 at 3 (email from Mr. Lindsay stating: "I help u a lot with ur car, house, school supplies, rent, everything.  So I hope u do ur best to help me.")  The emails establish that Mr. Lindsay was very much aware that he was not supposed to talk to any witnesses, including Ms. Corpuz.  (*See, e.g.,* Dkt. No. 136-4 at 3.)  For example, in June 2015 he wrote to one witness: "The judge told me I'm not allowed to talk to any witness.  It's a big problem if they see we are chatting" and "They can send me back to jail if I break any rules by the judge.  Even chatting with u is against the rules." (Dkt. No. 136-13 at 2-3.)

The Court also finds that there are no conditions that can reasonably assure his appearance or that he will comply with the conditions of his release. His emails demonstrate a willful intent to deceive the Court and the government and to violate court orders. If he remains on release, there is no assurance that he will not violate the Court's other conditions and flee, especially now that his conduct has been discovered despite his best efforts. Given the money he has repeatedly sent to witnesses, he apparently has the resources to flee as well as significant overseas contacts.

Mr. Lindsay's reliance on *United States v. Howard*, 793 F.3d 1113 (9th Cir. 2015), for the proposition that the release condition prohibiting his contact with witnesses was invalid is too little too late. First, Mr. Lindsay is relying on statements made in a concurrence; no panel of the Ninth Circuit (or any other Circuit as far as the Court is aware) has held that it is unlawful to order a defendant to have no contact with witnesses as a condition of pretrial release. Second, if Mr. Lindsay believed the "no contact with witnesses" condition was unlawful he should have asked the Court to remove the condition. Defendants are not permitted to unilaterally decide with which conditions of release they must comply. Third, the concern in this case that Mr. Lindsay might tamper with witness testimony if allowed to communicate with witnesses was fully justified, as his later conduct bears out. The *Howard* concurrence rested on the judge's belief that the defendant in that case had not encouraged witnesses to lie or testify in particular ways. *Id.* at 1114 (Kozinski, J. concurring). Here, in contrast, Mr. Lindsay practically gave the witnesses a script as to what they should say. Accordingly, Mr. Lindsay's release will be revoked for his willful violation of the Court's order that he not contact any witnesses.

The government also sought to revoke Mr. Lindsay's pretrial release on the grounds that he has committed a federal crime, namely obstruction of justice and contempt of court. In light of his (now former) counsel's newly-developed conflict of interest, counsel represented that he could not fairly represent Mr. Lindsay on that charge. Accordingly, the Court is not basing its revocation on that ground. As discussed at the hearing, the Court also recognizes that Mr. Lindsay's new counsel, once appointed, may be in a position to bring new facts to this Court's attention relevant to the detention decision. The record as it now stands, however, requires Mr. Lindsay's detention.

Pursuant to 18 U.S.C. § 3148, IT IS ORDERED THAT:

1. Defendant Lindsay be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated: January 28, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge